IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(Southern Division)

| | |
|---|---|
| Johnny Knott, Minnie White, Shirley Epps, Tionne Harris and Tisha Johnson | ) ) ) |
| Plaintiffs-Intervenors, | ) ) ) |
| vs. | ) Civil Action No. |
| Jefferson County Commission, et. al., and Steven Small, Mary Buckelew, and Betty Fine Collins in their official Capacities, | CV-02-BU-0030-S ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

The plaintiff complain against the defendants as follows:

### Introduction

1. The plaintiffs bring this lawsuit to contest the redistricting plan the County Commission adopted on October 30, 2001. The October 30, 2001 plan unlawfully disenfranchises African-American voters in District 2 (including but not limited to the voters in the Wenonah Elementary School Box). Moreover, the plan was adopted to prevent Larry Langford (a local African American politician) from running against a white incumbent County Commissioner. The districts were reconfigured in such a fashion that Mr. Langford's residence was moved out of District 3 and into District 1. Given the eligibility requirement that a candidate for office to the County Commission must reside in the district for 6 months before the filing date, this move virtually assured that Mr. Langford would not run in District 3. By moving Mr. Langford out of District 3, the African American voters of that district will lose the

opportunity to vote for a person that may best represent the interest of the African American community in District 3.

2.   The plaintiffs also contend that the Court's August 18, 1985 consent decree (as amended) exceeded the permissible scope of the Voting Rights Act. The consent decree expanded the number of seats on the County Commissioner. It is clear that such a remedy is impermissible under Section 2 of the Voting Rights Act.

**Parties & Venue**

3.   The plaintiff Mr. Johnny Knott resides at 2813 Wenonah Drive, Birmingham, Alabama. He is registered to vote in Jefferson County. He is the President of the West Goldwire Neighborhood Association. He is currently a voter in District 2 of the County Commission. He votes in the Wenonah Elementary School box.

4.   The plaintiff Ms. Minnie White resides at 3069 Wenonah Park Rd., Birmingham, Alabama 35211. She is registered to vote in Jefferson County. She is currently a voter in District 2 of the County Commission. She votes in the Wenonah Elementary School box.

5.   The plaintiff Ms. Shirley Epps resides 516 53rd Street, Fairfield, Alabama. Ms. Epps is a registered voter. She currently votes in District 3 of the County Commission.

6.   The plaintiff Ms. Tionne Harris resides at 6511 Interlaken Avenue, Birmingham, Alabama 35212. She is registered to vote in Jefferson County. She is currently a voter in District 1 of the County Commission.

7.   The plaintiff Ms. Tisha Johnson resides at 7514 66th Street South, Birmingham, Alabama 35212. She is registered to vote in Jefferson County. She currently votes for the County Commission District 1.

8. The Jefferson County Commission is currently comprised of five districts. District 1 is represented by Jeff Germany, District 2 is represented by Steven Small, District 3 is represented by Mary Buckelew, District 4 is represented by Betty Fine Collins and District 5 is represented by Gary White. Commissioners Steven Small, Mary Buckelew and Betty Fine Collins are sued only in their official capacity. Commissioners Jeff Germany and Gary White are not being sued due to the fact they voted against this unlawful plan.

### Jurisdiction & Procedural History

9. On August 17, 1985, the Court entered a consent decree (subsequently amended on November 1, 1985) that established five districts for the Jefferson County Commission. The consent decree was subsequently adopted by the State of Alabama and enacted into law on March 20, 1997. (Ala. Act No. 97-147). Act No. 97-147 makes clear that the State was simply complying with the Court's consent decree when it enacted the plan. Since the entering of this consent decree, there has been no other judicial orders entered concerning the issue of reapportioning Jefferson County Commission districts.

10. The Court also has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 U.S.C. § 1973.

11. On October 30, 2001, the Jefferson County Commission voted to adopt a redistricting plan that reflected the 2000 census data. Under Ala. Code § 11-3-1.1, the County Commission is authorized to adopt a redistricting plan provided certain public notice requirements are met prior to any meeting held to consider such plan. The County Commission was acting under this statutory authority. The plan has yet to receive pre-clearance from the U.S. Department of Justice.

**Factual Allegations**

12. The plan adopted by the County Commission moves the Wenonah Elementary School box (hereinafter Wenonah) and several other boxes in the neighboring area into District 5. District 5 is an overwhelming white district. The population voting at the Wenonah box are overwhelming African American. Out of a population of 2323 in the Wenonah box, 2005 are black, 314 white and 4 other. The decision to move the Wenonah box into District 5 ignored all traditional principles used in drawing districts.

13. Likewise, the Grasselli Heights neighborhood is moved from District 2 to District 5. The Graselli Heights neighborhood votes at the Bryant Chapel AME box. There are 442 households assigned to that box with a population of approximately 1000. This neighborhood is overwhelmingly African American. Placing this City of Birmingham neighborhood in District 5 ignores the traditional principles governing the drawing of districts.

14. Race was a motivating factor in the decision to dilute the vote of the black voters who vote at the Wenonah Elementary School and the Bryant Chapel AME.

15. The plan adopted by the County Commission also moves voters in District 1 to District 2. Ms. Harris and Ms. Johnson live in District 1 but under the plan they are moved into District 2. Placing the residents of Gate City into District 2 ignored the traditional principles governing the drawing of districts. The decision to place Ms. Harris and Ms. Johnson in District 2 had a racially discriminatory effect.

16. The plan adopted by the County Commission also moves the entire City of Fairfield into District 1. Historically, the residents of Fairfield vote in either District 2 or District 3. Mayor Larry Langford resides in District 3. District 3 is represented by Mary Buckelew. Ms. Buckelew is a white person.

17. The decision to move all of Fairfield into District 1 was motivated by race. The decision ignored all the traditional principles used in drawing district lines.

18. The Commission also waited until after October 5, 2001 to adopt a plan. This may adversely affect potential candidates because of the six-month residency requirement.

19. Prior to the August 18, 1985 consent decree (as amended), there were only three seats on the County Commission. The consent decree expanded the number of seats from three to five.

## COUNT I
### (Section 2 of Voting Rights Act)

20. The plaintiffs restate and incorporate by reference the factual allegations in the preceding paragraphs.

21. The plan adopted by the County Commission on October 30, 2001 violates Section 2 of the Voting Rights Act of 1964. (42 U.S.C. § 1973) because it results in the abridgement of plaintiffs' right to vote on account of race.

Wherefore, premises considered, the plaintiffs respectfully request that the Court (1) declare that the October 30, 2001 plan violates Section 2 of the Voting Rights Act and enjoin the defendants or the appropriate governmental agency from conducting any primary or general election on the basis of the plan adopted by the County Commission on October 30, 2001; (2) oversee the redrawing of a redistricting plan; (3) order the defendants to pay the plaintiffs reasonable attorney fees and cost and (4) any other legal or equitable relief the Court deems appropriate.

## COUNT II
### (Section 1983-Fourteenth Amendment Claim)

22. The plaintiffs restate and incorporate by reference the factual allegations in the preceding paragraphs.

23. The plan adopted by the County Commission on October 30, 2001 violates the guarantee of equal protection contained in the Fourteenth Amendment to the United States Constitution. As stated above, the redistricting plan is motivated by race and results in the disenfranchisement of black voters.

24. The defendants were acting under color of state law when they adopted the October 30, 2001 redistricting plan.

25. Because defendants' conduct violated a federally protected right and such conduct was committed under the color of state law, Section 1983 provides the plaintiffs' with a cause of action to remedy the deprivation.

Wherefore, premises considered, the plaintiffs respectfully request that the Court (1) declare that the October 30, 2001 plan violates the Fourteenth Amendment and enjoin the defendants or the appropriate governmental agency from conducting any primary or general election on the basis of the plan adopted by the County Commission on October 30, 2001; (2) oversee the redrawing of a redistricting plan; (3) order the defendants to pay the plaintiffs reasonable attorney fees and cost and (4) any other legal or equitable relief the Court deems appropriate.

## COUNT III
### (Declaratory & Equitable Relief)

26. The plaintiffs incorporate by reference the factual allegations in the preceding paragraphs.

27. The August 18, 1985 consent decree (as amended) added two seats to the Jefferson County Commission. Increasing the size of government is not a permissible remedy under Section 2 of the Voting Rights Act.

Wherefore, premises considered, the plaintiffs respectfully request that the Court (1) declare the consent decree invalid and enjoin defendants or any responsible agency/department from conducting an election in 2002 for the offices of Jefferson County Commissioner; (2) oversee the redrawing of districts for three County Commission seats; (3) pay plaintiffs a reasonable attorneys fee plus costs and (4) any other legal or equitable relief the Court deems appropriate.

                                                Joe R. Whatley WHA003
                                                Richard P. Rouco ROU008
                                                Attorneys for the Plaintiffs

OF COUNSEL:
Whatley Drake, LLC
Post Office Box 10647
Birmingham, Alabama 35202-0647
Phone: (205) 328-9576
Fax:   (205) 328-9669