FILED
02 JAN 28 PM 4:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY KNOTT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. CV-02-BU-0030-S |
| ) | |
| JEFFERSON COUNTY COMMISSION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO DISMISS

Pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure, the Defendants (Jefferson County Commission, Mary Buckalew, Bettye Fine Collins, and Steve Small) hereby move this Court to enter an order dismissing this action for lack of subject-matter jurisdiction. Particularly, the Complaint fails to set forth allegations which establish the kind of "case," with respect to these named Defendants, recognized as within the judicial power available under Article III of the U.S. Constitution. None of these named Defendants has any authority to enforce the redistricting plan against the Plaintiffs, and for that reason, the judicial power of this Court is not available to resolve the dispute identified in the Complaint. As for whether Congress has conferred a right to sue, the three official-capacity Defendants are deemed "legislators" for the actions referenced in the Complaint and, therefore, not subject to suit under 42 U.S.C. § 1983. Defendants also seek dismissal, under Rule 12(b)(6), on the ground that the

Complaint fails to state a claim upon which relief may be granted. There is no basis for relief under Section 2 of the Voting Rights Act or under the Fourteenth Amendment's Equal Protection Clause the two substantive provisions of law referenced in the Complaint. As further grounds, these Defendants show as follows:

1. There are five voters who have filed the Complaint.

2. There are only four Defendants named in the Complaint: Jefferson County Commission, and three of its five members in their official capacities: Mary Buckalew, Bettye Fine Collins, and Steve Small.

3. By law, none of the Defendants has authority to take any enforcement action against any of the Plaintiffs in the exercise of their voting rights.

4. The voting laws, including the districts established by the Commission on October 30, are enforced by persons who are not named in the Complaint and who do not act as mere agents of any Defendant.

5. The conduct of the named Defendants described in the Complaint, in adopting districts for voting, is mere "legislative" activity. *See, e.g., Ellis v. Coffee County Board of Registrars*, 981 F.2d 1185, 1190 (11th Cir. 1993).

6. Absent a defendant with official enforcement authority, or allegations of activity that threatens enforcement, there is no "case or controversy" within the scope of this Court's "judicial power" existing under Article III of the U.S.

Constitution. *See Socialist Workers Party v. Leahy*, 145 F. 3d 1240, 1247 (11th Cir. 1998).

7. Regardless of whether the presence of the Jefferson County Commission as a Defendant is sufficient to establish a "case or controversy," there is none with respect to the three commissioner Defendants. The three commissioner Defendants, in their official capacity, lack power to undertake any action of the Commission. They only act, in an official capacity, through a public meeting where all five members of the Commission are entitled to be present.

8. The Complaint fails to allege a ground for relief and therefore is also due to be dismissed under Rule 12(b)(6). There are insufficient allegations to justify relief under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973. As framed presently, this Complaint is nothing more than a dispute about the location of a particular boundary line, without the full context required to assert that it was located "on account of race." *See Johnson v. DeGrandy*, 512 U.S. 997, 1014-16 (1994). Similarly, there are insufficient allegations to justify relief under the Fourteenth Amendment's Equal Protection Clause. Particularly, there is no allegation that race predominated in the establishment of the Commission district boundaries, only an allegation that race was a motivating factor. *See Hunt v. Cromartie*, 121 S. Ct. 1452 (2001). No additional basis for judicial action arises from the existence of a 1985 judicial decree. The Commission has asserted previously in this Court that the decree is due to be vacated.

For these reasons, and those expressed in the accompanying memorandum of law, the Defendants urge this Court to enter an order dismissing the Complaint.

Respectfully submitted this 28th day of January, 2002.

_____
Albert L. Jordan (JOR002)

_____
Michael L. Jackson (JAC026)

Attorneys for Defendants Jefferson County Commission, Steven Small, Mary Buckelew, and Bettye Fine Collins in their official capacities.

**OF COUNSEL:**

Wallace Jordan Ratliff & Brandt, L.L.C.
800 Shades Creek Parkway, #400  (35209)
Post Office Box 530910
Birmingham, AL  35253
Voice:   205-870-0555
Fax:      205-871-7534

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Defendants' Motion to Dismiss on all counsel of record by U.S. mail, first-class postage prepaid on this the 28th day of January, 2002, as follows:

> Joe R. Whatley, Esq.
> Richard Rouco, Esq.
> Whatley Drake, LLC
> P.O. Box 10647
> Birmingham, AL 35202-0647

_____
OF COUNSEL

5