IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(Southern Division)

**FILED**
FEB 15 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Johnny Knott, Minnie White, and Shirley Epps, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. CV-02-BU-0030-S |
| ) | |
| Jefferson County Commission and Hon. ) | |
| Michael F. Bolin, in his official capacity, ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDED COMPLAINT

The plaintiff complain against the defendants as follows:

#### Introduction

1.   The plaintiffs bring this lawsuit to contest the redistricting plan the County Commission adopted on October 30, 2001. The October 30, 2001 plan (hereinafter the plan) violates Section 2 of the Voting Rights Act because it dilutes the plaintiffs' vote. The plan also violates the Fourteenth Amendment's Equal Protection Clause because race was a predominate factor in the drawing of specific boundaries.

#### Parties & Venue

2.   The plaintiff Mr. Johnny Knott resides at 2813 Wenonah Drive, Birmingham, Alabama. He is registered to vote in Jefferson County. He is the President of the West Goldwire Neighborhood Association. He is currently a voter in District 5 of the County Commission. He votes in the Wenonah Elementary School box. He is African-American.

3.   The plaintiff Ms. Minnie White resides at 3069 Wenonah Park Rd., Birmingham, Alabama 35211. She is registered to vote in Jefferson County. She is currently a voter in

District 5 of the County Commission. She votes in the Wenonah Elementary School box. She is African-American.

4.   The plaintiff Ms. Shirley Epps resides 516 53rd Street, Fairfield, Alabama. Ms. Epps is a registered voter. She currently votes in District 1 of the County Commission. She is African-American.

5.   The Jefferson County Commission is currently comprised of five districts. District 1 is represented by Jeff Germany, District 2 is represented by Steven Small, District 3 is represented by Mary Buckelew, District 4 is represented by Betty Fine Collins and District 5 is represented by Gary White.

6.   Hon. Michael F. Bolin is the probate judge of Jefferson County and under Alabama statute is responsible for enforcing the election districts established by the Commission.

### Jurisdiction & Procedural History

7.   The Court also has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 U.S.C. § 1973.

8.   On October 30, 2001, the Jefferson County Commission voted to adopt a redistricting plan that reflected the 2000 census data. Under Ala. Code § 11-3-1.1, the County Commission is authorized to adopt a redistricting plan provided certain public notice requirements are met prior to any meeting held to consider such plan. The County Commission was acting under this statutory authority.

### Factual Allegations

9.   The October 30, 2001, the County Commission adopted a plan that contains five districts. Two districts are majority-minority districts. District 1 is a majority-minority district

2

with a total black population of approximately 78 percent. District 2 is a majority minority district with a total black population of approximately 73 percent.

10. The percentage of black population in Districts 1 and 2 exceed the percentage needed to make the districts effective and/or controlling majority minority districts.

11. The County Commission's redistricting plan excessively concentrates Jefferson County's black population into two districts and thereby diminishes their influence in neighboring districts. Race was the predominate factor in the decision to excessively concentrate Jefferson County's black population into two districts.

12. The Commission could have drawn a plan that preserves the majority minority districts and also creates a third district where blacks can influence the outcome of the election and/or elect a minority a candidate.

13. The plaintiffs Knott and White are assigned to a district where the black population has little or no influence over the election of candidates.

14. The plaintiff Epps residence was assigned to district 1 where Blacks are excessively concentrated thus diluting her voting influence.

15. The plan moves all of the City of Fairfield into District 1. Historically, residents of Fairfield have either voted in district 2 or 3. Race was the predominate factor in moving Fairfield into district 1.

## COUNT I

### (Section 2 of Voting Rights Act)

16. The plaintiffs restate and incorporate by reference the factual allegations in the preceding paragraphs.

17.     The plan adopted by the County Commission on October 30, 2001 violates Section 2 of the Voting Rights Act of 1964 (42 U.S.C. § 1973) because it dilutes the vote of Jefferson County's black population by unnecessarily concentrating the black population in districts 1 and 2.

18.     The unnecessary concentration of black voters into two districts minimizes their influence in neighboring districts.

19.     Wherefore, premises considered, the plaintiffs respectfully request that the Court (1) declare that the October 30, 2001 plan violates Section 2 of the Voting Rights Act and enjoin the defendants or the appropriate governmental agency from conducting any primary or general election on the basis of the plan adopted by the County Commission on October 30, 2001; (2) oversee the redrawing of a redistricting plan; (3) order the defendants to pay the plaintiffs reasonable attorney fees and cost and (4) any other legal or equitable relief the Court deems appropriate.

## COUNT II
### (Section 1983-Fourteenth Amendment Claim)

20.     The plaintiffs restate and incorporate by reference the factual allegations in the preceding paragraphs.

21.     The plan adopted by the County Commission on October 30, 2001 violates the guarantee of equal protection contained in the Fourteenth Amendment to the United States Constitution. Race was the predominant factor in the drawing of the new redistricting plan. As noted above, the placement of Fairfield into district 1 is one example of how race played a predominant role in the redistricting process.

22.     The County Commission was acting under color of state law when it adopted the October 30, 2001 redistricting plan.

4

23. Because the County Commission's conduct violated a federally protected right and such conduct was committed under the color of state law, Section 1983 provides the plaintiffs' with a cause of action to remedy the deprivation.

24. Wherefore, premises considered, the plaintiffs respectfully request that the Court (1) declare that the October 30, 2001 plan violates the Fourteenth Amendment and enjoin the defendants or the appropriate governmental agency from conducting any primary or general election on the basis of the plan adopted by the County Commission on October 30, 2001; (2) oversee the redrawing of a redistricting plan; (3) order the defendants to pay the plaintiffs reasonable attorney fees and cost and (4) any other legal or equitable relief the Court deems appropriate.

*/s/ Richard Rouco*
Joe R. Whatley WHA003
Richard P. Rouco ROU008
Attorneys for the Plaintiffs

OF COUNSEL:
Whatley Drake, LLC
Post Office Box 10647
Birmingham, Alabama 35202-0647
Phone: (205) 328-9576
Fax:    (205) 328-9669


Serve Jefferson County Commission at:

Albert L. Jordan, Esq.
Michael L. Jackson, Esq.
Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253

Serve Hon. Michael F. Bolin at
Probate Court of Jefferson County
Rm. 119, Jefferson County Courthouse
716 North Richard Arrington Jr. Blvd.

Birmingham, Alabama 35263

Bill Pryor, Attorney General
John J. Park, Jr., Assistant Attorney General
Office of the Attorney General
State of Alabama
11 South Union Street
Montgomery, Alabama  36130-0152
Phone: (334) 242-7401
Fax:    (334) 242-4891

*Richard Rauco*
Of Counsel