IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 FEB 22 PM 3:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOHNNY KNOTT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. CV-02-BU-0030-S |
| ) | |
| JEFFERSON COUNTY COMMISSION,) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT
## JEFFERSON COUNTY COMMISSION

Defendant Jefferson County Commission hereby answers the First Amended Complaint. In asserting the following defenses, the Jefferson County Commission does not assume any burden of proof that would otherwise be imposed on the Plaintiff.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over at least some of the claims. To the extent that the Plaintiffs do not reside in the particular district which they challenge on the ground that race predominated in the drawing of the boundaries, they lack standing. *See Sinkfield v. Kelley*, 531 U.S. 28 (2000).

**SECOND DEFENSE**

The conditions challenged by the Plaintiffs, particularly the proportion of the County's black voters in districts 1 and 2, have existed since 1993, and they should not be allowed to receive equitable relief for the 2002 election on the ground of laches. *See McKee v. James,* No. CV-97-C-2078-W, Order (N.D. Ala. March 24, 1998)(3-judge court).

**THIRD DEFENSE**

The Plaintiffs have failed to state a claim upon which relief may be granted.

**FOURTH DEFENSE**

This Defendant denies that race predominated in the establishment of the district lines for any of the five single-member election districts to be used in County Commission elections.

**FIFTH DEFENSE**

The Commission district boundaries were altered to comply with the one person-one vote requirement embodied in the Equal Protection Clause, especially the loss of population by migration from Districts 1 and 2.

## SIXTH DEFENSE

The voting strength of African-Americans voting as a group has not been abridged by the conditions alleged in the Complaint. African-Americans constitute 39% of the population of Jefferson County, and, as a racial group voting cohesively, they constitute a majority in a proportionate number of the five single-member districts for County Commission positions, sufficient to elect a candidate of their choice.

## SEVENTH DEFENSE

One motivating factor in the establishment of some of the boundary lines, including the boundaries for the districts claimed to be "packed," was to comply with the requirements of the Voting Rights Act, particularly Section Five, 42 U.S.C. § 1973c, properly construed. The County Commission has a compelling interest in avoiding retrogression of the voting strength of its African-American citizens in Districts 1 and 2.

## EIGHTH DEFENSE

The United States Attorney General has reviewed the districts adopted by the Commission on October 30, 2001, and declined to interpose any objection to their use in future elections, pursuant to his authority under Section Five of the Voting Rights Act.

## NINTH DEFENSE

Partisan politics was a motivating factor in the decision to establish some of the district boundaries, including those identified with particularity in the Amended Complaint.

## TENTH DEFENSE

Incumbency protection was a motivating factor in the decision to establish some of the district boundaries, including those identified with particularity in the Amended Complaint.

## ELEVENTH DEFENSE

Count 1 of the Amended Complaint depends on a construction of the Voting Rights Act that would exceed the authority of Congress under its power to enforce the Fifteenth Amendment.

## TWELFTH DEFENSE

Count 2 does not present a substantial federal question.

## THIRTEENTH DEFENSE

Plaintiffs, or some of them, lack the right to sue privately to require any defendant to enforce the Voting Rights Act in the manner alleged here.

## FOURTEENTH DEFENSE

This Defendant reserves the right to add additional defenses, particularly in view of the ambiguity of the Amended Complaint, and its lack of particularity.

## FIFTEENTH DEFENSE

This action is not brought in the name of the real party in interest, Jeff Germany.

## SIXTEENTH DEFENSE

This Defendant responds to the enumerated allegations of the Complaint as follows:

1. This Defendant admits the first sentence of paragraph 1, and denies the remaining allegations of paragraph 1.

2. This Defendant admits the allegations of paragraph 2.

3. This Defendant admits the allegations of paragraph 3.

4. This Defendant admits the allegations of paragraph 4.

5. This Defendant admits the allegations of paragraph 5.

6. This Defendant admits the allegations of paragraph 6.

7. This Defendant admits that Congress has authorized this Court to review the allegations in the Complaint under 28 U.S.C. § 1331, and to that extent, admits that jurisdiction exists. This Defendant denies the remaining allegations of paragraph 7.

8. This Defendant admits the allegations of the second and third sentences of paragraph 8. This Defendant also admits that on October 30, 2001, the Jefferson County Commission voted to adopt a redistricting plan in light of changes in district populations reflected in the 2000 census. This Defendant denies any other allegations in the first sentence of paragraph 8.

9. This Defendant admits the allegations of paragraph 9.

10. This Defendant is without sufficient information to admit or deny the allegations of paragraph 10; therefore, those allegations are denied.

11. This Defendant admits that the black population located in the two majority-minority districts has diminished influence in neighboring districts where they are not located, but denies the remaining allegations of paragraph 11.

12. This Defendant denies the allegations of paragraph 12, especially to the extent they suggest that black voters cannot influence the outcome of the election in any district except the majority-minority districts.

13. This Defendant is without sufficient information to admit or deny the allegations of paragraph 13; therefore, those allegations are denied.

14. This Defendant admits that Epps resides in District 1, as established by the October 30 resolution, but this Defendant denies the remaining allegations of paragraph 14.

15. This Defendant admits that the district plan locates the City of Fairfield in District 1, and that in the previous single-member district plan used in the 1990s' Commission elections, part of Fairfield was located in District 2 and part was located in District 3. This Defendant denies the remaining allegations of paragraph 15.

16. As a response to paragraph 16, this Defendant restates and incorporates, by reference, its responses to the factual allegations in the preceding paragraphs.

17. This Defendant denies the allegations of paragraph 17.

18. This Defendant admits that the assignment of black voters to a district reduces their influence in neighboring districts, but denies the remaining allegations of paragraph 18.

19. This Defendant denies that the Plaintiffs are entitled to the relief claimed in paragraph 19.

20. As a response to paragraph 20, this Defendant restates and incorporates, by reference, its responses to the factual allegations in the preceding paragraphs.

21. This Defendant denies the allegations of paragraph 21.

22. This Defendant admits the allegations of paragraph 22.

23. This Defendant denies the allegations of paragraph 23.

24. This Defendant denies that the Plaintiffs are entitled to the relief claimed in paragraph 24.

Respectfully submitted this the 22ND day of February 2002.

*/s/ Albert L. Jordan*
Albert L. Jordan (JOR002)

*/s/ Michael L. Jackson*
Michael L. Jackson (JAC026)

Attorneys for Defendant Jefferson County Commission

**OF COUNSEL:**

Wallace Jordan Ratliff & Brandt, L.L.C.
800 Shades Creek Parkway, #400 (35209)
Post Office Box 530910
Birmingham, AL 35253
Voice: 205-870-0555
Fax: 205-871-7534

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 22nd day of February, 2002, served a copy of the foregoing Answer on all counsel of record by mailing the same by United States Mail, postage prepaid and properly addressed as follows:

>Mr. Joe R. Whatley
>Mr. Richard Rouco
>Whatley Drake, LLC
>P.O. Box 10647
>Birmingham, AL 35202-0647

_____
Of Counsel